**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

**JAMES L DONALDSON,**

    **Plaintiff,**

v.                                        **CASE NO. 1:06-cv-00011-MP-AK**

**FRANK SMOLA, et al,**

    **Defendants.**

_____/

**O R D E R**

This matter is before the Court upon the filing of the complaint. Plaintiff is proceeding *pro se* and has been granted leave to proceed *in forma pauperis*. (Doc. 1 and 7).

From a review of the complaint, it is evident that the facts as presented fail to state a claim upon which relief can be granted. Plaintiff is suing the Defendants because they failed to assign him trustee status at the Alachua County Jail.

Plaintiff has no constitutional right to be a trustee. "To state a claim under § 1983, a plaintiff must allege facts showing that the defendant's act or omission, done under color of state law, deprived him of a right, privilege, or immunity protected by the Constitution or laws of the United States." Emory v. Peeler, 756 F.2d 1547, 1554 (11th Cir. 1985); Dollar v. Haralson County, 704 F.2d 1540, 1542-43 (11th Cir.), cert. denied, 464 U.S. 963, 104 S. Ct. 399, 78 L. Ed. 2d 341 (1983). In other words, Plaintiff must allege that Defendant "deprived him of a right secured by the 'Constitution and laws' of the United States" and that the Defendant did so "under color of any statute, ordinance,

regulation custom, or usage of any State. . . ." Fadjo v. Coon, 633 F.2d 1172, 1174-1175 (5th Cir. 1981), *quoting* Adickes v. S. H. Kress & Co., 398 U.S. 144, 150, 90 S. Ct. 1598, 1604, 26 L. Ed. 2d 142 (1970); *see* Paisey v. Vitale In and For Broward Co., 807 F.2d 889, 892 (11th Cir. 1986); Lugar v. Edmondson Oil Co., 457 U.S. 922, 930, 102 S. Ct. 2744, 2750, 73 L. Ed. 2d 482 (1981); Flagg Brothers, Inc. v. Brooks, 436 U.S. 149, 155, 98 S. Ct. 1729, 1732, 56 L. Ed. 2d 185 (1978).  As written, Plaintiff fails to allege facts sufficient to constitute a constitution deprivation under § 1983.

Further, Plaintiff has sued Defendants Untiedt and Weiss, whom he alleges are Assistant Public Defenders, for failing to give him legal counsel.  He provides no facts or details from which the Court can discern his claims.  However, if he is suing them for ineffective assistance of counsel with regard to his criminal trial, this claim should be brought in a habeas proceeding after exhaustion of state court remedies.

The last Defendant is Judge James Lon, whom Plaintiff fails to mention at all in the text of his complaint.  However, as a judge Defendant Lon is entitled to absolute immunity from liability for damages under Section 1983 unless he acts in the "clear absence of all jurisdiction."  Stump v. Sparkman, 435 U.S. 349, 355-357, 98 S.Ct. 1099, 1104-05, 55 L. Ed.2d 331 (1978).

In amending, Plaintiff should carefully review the foregoing to determine whether he can present allegations sufficient to state a cause of action under the relevant law.  If Plaintiff is able to file an amended complaint, he must name as Defendants only those persons who are responsible for the alleged **constitutional** violations.  Plaintiff must place their full names in the style of the case on the first page of the civil rights complaint form and in the other appropriate sections of the

form.  Further, Plaintiff should clearly describe how each named Defendant is involved in each alleged **constitutional** violation.  In civil rights cases, more than conclusory and vague allegations are required to state a cause of action.  *See*, *e.g.*, Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984).  In presenting his claims, Plaintiff must set forth each allegation in a separately numbered paragraph, as it is essential that the facts relating to each Defendant be set out clearly and in detail.

To amend his complaint, Plaintiff must completely fill out a new civil rights complaint form, marking it "Amended Complaint."  Plaintiff is advised that the amended complaint must contain all of Plaintiff's allegations and should not in any way refer to the original or amended complaints.  An amended complaint completely replaces all previous complaints and all earlier complaints are disregarded.  N.D. Fla. Loc. R. 15.1.  Plaintiff should file the amended complaint in the Court and keep one identical copy for himself.  Plaintiff need not file service copies until instructed to do so by the court.

Accordingly, it is hereby

**ORDERED:**

1. The clerk of court shall forward to Plaintiff another Section 1983 form.

2. Plaintiff must respond to this order by **April 28, 2006.**

3. **Failure of Plaintiff to respond to this order or submit the requested**

information or explain his inability to do so will result in a recommendation to the District Judge that this action be dismissed.

**DONE AND ORDERED** this **6th** day of April, 2006.

                                                     <u>s/ A. KORNBLUM</u>
                                                   **ALLAN KORNBLUM**
                                                   **UNITED STATES MAGISTRATE JUDGE**